UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| VIKING, INC., | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | Cause No. 1:16-cv-00025-RL-SLC |
| vs. | ) | |
| | ) | |
| NBD INTERNATIONAL INC, | ) | |
| and SELECTIVE INSURANCE | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendants | ) | |

**<u>PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO REMAND</u>**

Plaintiff Viking, Inc., for its Memorandum of Law in Support of Motion to Remand, states as follows:

**I.   INTRODUCTION**

Under 28 U.S.C. 1446(b)(2), all defendants must join in or consent to the removal of a case to federal court.  Courts in the Seventh Circuit, including this Court, have held that to meet this requirement, all parties must provide an "official" communication to the Court.  This is not a procedural nicety; rather, it is a means by which the limited jurisdiction of federal courts is enforced.

Here, NBD International has not joined Selective's notice, nor has it filed a consent to the same.  The only apparent mention of its position on the matter is an email from Adam Fuller, an Ohio attorney who has not appeared in this case, to counsel for Selective, stating "NBD International, Inc. consents to the removal."  This does not meet the formal requirements for consent as applied by this Court.  As a result, the removal petition is defective, and the case should be remanded to state court.

3276733

## II. DISCUSSION

28 U.S.C. 1446(b)(2) requires that "all defendants who have been properly joined and served must join in or consent to the removal of the action." For a notice of removal to be proper, "all served defendants still have to support the petition in writing, i.e., sign it." *Gossmeyer v. McDonald*, 128 F.3d 481, 489 (7th Cir. 1997).

NBD International did not sign the removal petition, nor has it filed any form of consent to removal. Instead, the only evidence of NBD's position is an email exchange between Selective's counsel and an attorney who apparently represents NBD International on some level, but not in this case. Under *Gossmeyer*, *supra*, this exchange is not sufficient to satisfy the formal requirements of expressing consent to a removal.

Several district court cases decided since *Gossmeyer* support this analysis. For instance, in *Komacko v. Am. Erectors, Inc.*, 2013 U.S. Dist. LEXIS 89391, *6-7 (N.D. In. 2013)(Lozano, J.), this Court held that an email between defense counsel consenting to removal was "insufficient to meet the Seventh Circuit's strict requirement of express, written consent." In *Denton v. Universal Am-Can, Ltd.*, 2012 U.S. Dist. LEXIS 123871, *6-7 (N.D. Ill. 2012), the court held that where two the defendants did not sign the removal petition, it was "deficient under *Gossmeyer*." In *Holliday v. DLJ Mtg. Capital, Inc.*, 2007 U.S. Dist. LEXIS 77835, *6-7 (C.D. Ill. 2007), the court held that an email sent by a co-defendant to counsel for the removing defendant was not the sort of "official notice" required under the rules. The email sent by Adam Fuller is no different than the defective "consents" in these cases.

As several courts have explained, remanding cases in situations like these "does not exalt form over substance." *Production Stamping Corp. v. Maryland Cas. Co.*, 829 F.Supp. 1074, 1077-78 (E.D. Wi. 1993). On the contrary:

> The question at issue involves the Court's subject matter jurisdiction. As with all such questions, we begin with the fundamental principle, rooted in exceedingly good policy, that federal courts are courts of limited jurisdiction. This principle gains added merit in the removal context, because removal constitutes a serious impingement upon state sovereignty. Thus, the view that technical flaws in a removal petition can be swept away like so much dust seriously misunderstands the conditions under which the formidable power of the federal judiciary can – and should – be invoked. *See id.* (omitting citations and internal marks).

As another court put it, "when there is doubt as to the right to removal in the first instance, ambiguities are to be construed against removal." *Bertrand v. Fed. Pac. Elec. Co.*, 2007 U.S. Dist. LEXIS 63905, *11 (E.D. Wi. 2007). This is so because, among other reasons, "[i]t is better for a district court to remand a case where removal is defective at the outset than to have the Court of Appeals take such action after the parties have incurred the expense of trial or other disposition." *Id.*

As *Gossmeyer* and its progeny have recognized, requiring all defendants to "officially" join in the notice of removal or file their own express consent serves a valuable formalizing function. When a joinder or consent is filed by each defendant, there can be no doubt about the accuracy or timing of such consent, or the authority of the person consenting. What's more, preparing a simple consent imposes virtually no burden on the parties seeking federal jurisdiction. Under the circumstances, requiring an official consent is not only consistent with Seventh Circuit precedent, it makes sense as a matter of policy as well.

### III.  CONCLUSION

Selective's removal petition is defective in that NBD International has failed to manifest its joinder or consent to the Court. As a result, Viking respectfully requests that the matter be remanded to state court.

Respectfully submitted,

BECKMAN LAWSON, LLP

By: /s/Matthew J. Elliott
Craig R. Patterson, #18104-02
cpatterson@beckmanlawson.com
Matthew J. Elliott, #21242-02
melliott@beckmanlawson.com
201 West Wayne Street
Fort Wayne, IN  46802
Telephone:    (260) 422-0800
Facsimile:    (260) 420-1013
ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 19th day of February, 2016, the undersigned filed this Memorandum of Law in Support of Motion to Remand on the Court's CM/ECF system, which in turn generated a notice to:

Lindsay Hurni Lepley
LLepley@burtblee.com

Jennifer J Kalas
jkalas@hinshawlaw.com

Daniel K. Ryan
dryan@hinshawlaw.com

/s/Matthew J. Elliott
Matthew J. Elliott