**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION**

| | |
|---|---|
| VIKING, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CAUSE NO. 1:16-CV-25 |
| ) | |
| NBD INTERNATIONAL, INC. and ) | |
| SELECTIVE INSURANCE COMPANY ) | |
| OF AMERICA, ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion to Remand, filed by the plaintiff, Viking, Inc., on February 19, 2016 (DE #20). For the reasons set forth below, the Motion to Remand is **GRANTED** and this case is **REMANDED** back to the Whitley Superior Court of Indiana.

BACKGROUND

On January 6, 2016, the plaintiff, Viking, Inc. ("Viking") filed its complaint against NBD International, Inc. ("NBD") and Selective Insurance Company of America ("Selective")(collectively, "Defendants") in the Whitley Superior Court of Indiana. (DE #4.) The case was assigned cause number 92D01-1601-PL-000006. (*Id*.) Viking's claims arise from a "catastrophic fire loss . . . at its

70,000 square foot headquarters and manufacturing facility," and the complaint alleges personal property and business losses due to Defendants' negligence and breach of contracts. (DE #4.) Selective was served with a copy of the summons and complaint on January 11, 2016. (See DE #1, p. 1 & DE #22, p. 1.) NBD was served with a copy of the summons and complaint on January 13, 2016. (See DE #11, p. 1.) On January 22, 2016, Selective filed its notice of removal based on diversity jurisdiction. (DE #1.) In it, Selective states that NBD "has consented to the removal of this action as evidenced by Exhibit B." (*Id*. at 3.) Exhibit B is a copy of an email from Jennifer Kalas ("Attorney Kalas"), counsel for Selective, to Adam D. Fuller ("Attorney Fuller"), counsel for NBD,[1] asking Attorney Fuller to confirm that NBD consents to the removal. (DE #1-3.) In that email, Attorney Fuller states that NBD "consents to the removal." (*Id*.) The notice of removal itself, however, is only signed by Attorney Kalas. (DE #1, p. 4.)

On February 19, 2016, Viking filed the instant motion to remand, arguing that the notice of removal is defective because the email correspondence does not meet the requirements for formalizing consent to remove in the Seventh Circuit. (DE #20.) On February 22, 2016, Selective filed an amended notice of removal, this time attaching two emails as exhibits in support of its contention that

---

[1] At the time the notice of removal was filed, Attorney Fuller had not entered an appearance in the case. He did not do so until March 4, 2016. (DE #32.)

NBD has consented to removal. (DE #22; see also DE #22-2 & DE #22-3.) The amended notice of removal is signed by both Attorney Kalas and Lindsay Hurni Lepley ("Attorney Lepley"), additional counsel for NBD. (DE #22, p. 4.)[2] Selective filed its response in opposition to Viking's motion to remand on March 9, 2016, arguing that the motion should be denied because Selective had obtained written consent from NBD prior to removal in the form of an email, which was attached and incorporated into Selective's notice of removal. (DE #41.) Selective also argues that the amended notice of removal, which has been signed by both Defendants, cures any alleged defect. (*Id.*) On March 16, 2016, Viking filed its reply, arguing that the notice of removal is defective and that Selective has not overcome the procedural failure. (DE #43.) The motion is thus ripe for adjudication.

DISCUSSION

A civil case brought in state court may be removed to a district court which has original jurisdiction. 28 U.S.C. §

---

[2] On March 9, 2016, NBD filed a motion to transfer pursuant to 28 U.S.C. section 1404(a) based upon its assertion that a forum selection clause, designating the courts of Summit County, Ohio as the proper forum for this action, exists in the work authorization contract at issue between NBD and Viking. (DE #38.) NBD notes that it "specifically reserves the right to file a motion under Rule 12(B) of the Indiana Rules of Trial Procedure, or to convert this Motion to one under Rule 12(B), in the event that this Motion is remanded to state court, where the procedure for enforcing a forum-selection clause is properly brought under Rules 12(B) and 75." (*Id.* at 2, n. 1.) Because the instant Opinion and Order deals only with the determination of the motion to remand, the Court takes no position on the motion to transfer.

1441(a). Defendants who wish to remove a civil action from state court to federal court must file a "notice of removal *signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal . . . .*" 28 U.S.C. § 1446(a) (emphasis added). The requirements for removal are as follows:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b)(1). While the thirty day deadline is not jurisdictional, it "is a strictly construed rule of procedure, and failure to comply with this rule is ground for remand, absent waiver." *Macri v. M & M Contractors, Inc.*, 897 F. Supp. 381, 383-84 (N.D. Ind. 1995) (citing *N. Ill. Gas Co. v. Airco, Inc.*, 676 F.2d 270, 273 (7th Cir. 1982)). In general, "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). In the Seventh Circuit, the requirement of timely written consent is construed strictly. See *Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 368 (7th Cir. 1993), *overruled on other grounds by Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 540 (7th Cir. 2006). As the Seventh

Circuit has stated, "[a] petition for removal fails unless all defendants join it. To 'join' a motion is to support it in writing . . . ." *Roe v. O'Donohue*, 38 F.3d 298, 301 (7th Cir. 1994) (internal citations omitted), *abrogated on other grounds by Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999). Several years later, the court expanded upon that notion when determining that a removal notice was defective because, even though the defendant had noted that "all properly served defendants agreed to the removal, . . . not all of these defendants joined in the petition because not all of them signed it." *Gossmeyer v. McDonald*, 128 F.3d 481, 489 (7th Cir. 1997); see also *Boruff v. Transervice, Inc.*, No. 2:10-CV-322, 2011 WL 1296675, *2 (N.D. Ind. March 30, 2011) ("Although [removing defendant's] notice of removal represents that '[co-defendant] consents to the removal,' this statement is insufficient to meet the Seventh Circuit's requirement of express, written consent.")

A party who believes removal was improper may file a motion to remand pursuant to 28 U.S.C. section 1447. Unless the defect relates to the lack of subject matter jurisdiction, the motion must be made within thirty days of the filing of the notice of removal. 28 U.S.C. § 14479(c). As to amendments:

> [w]ithin the thirty-day time limit for removal imposed by § 1446(b), a removal petition may be freely amended to cure any defects. Even after the thirty-day time limit, defects as to allegations of jurisdiction may be cured by amendment in accordance with 28 U.S.C. § 1653.

5

> Defects in removal procedures may only be cured within the statutory time period, however, unless they are waived.

*Macri*, 897 F. Supp. at 384 (internal citations omitted).  The Seventh Circuit has allowed untimely amendments to cure defective notices of removal in certain circumstances, "[b]ut in each of these cases, multiple factors – often including the fact that the unconsenting party's consent was not required for removal – supported the Court's decision not to remand the case."  *Boruff*, 2011 WL 1296675 at *4-5 (collecting cases and finding that the defendant's amended notice of removal was insufficient to avoid remand under relevant Seventh Circuit precedent).

Here, Selective was served with a copy of a summons and complaint on January 11, 2016, while NBD was served with the same two days later.  The initial notice of removal was filed on January 22, 2016, within the thirty day time frame.  However, the amended notice of removal was not filed until February 22, 2016, which was well beyond the deadline.  Viking argues that the initial notice is defective because the email attached to the notice indicating that NBD "consents to the removal" does not meet the Seventh Circuit's strict requirement of express, written consent.  Viking also states that there is no reason an amendment to the notice of removal filed beyond the thirty day removal period should prevent remand.  Selective, on the other hand, argues that the initial notice of removal adequately evidenced NBD's actual consent because the email

6

was attached to and incorporated into the notice. Furthermore, according to Selective, the amended notice of removal is officially signed by NBD via Attorney Lepley, and it contains an additional email evidencing NBD's prior consent. In its response brief, Selective also attaches a declaration of Attorney Fuller stating that he had authority from NBD to consent to the removal at the time the initial notice was filed. (See DE #41-1.) According to Selective, these filings, collectively, "certainly comply" with the Seventh Circuit's requirements pertaining to removal.

The Court agrees with Viking that the initial notice of removal is defective. The procedural requirements of removal in the Seventh Circuit are applied quite strictly, and, as *Gossmeyer* makes clear, all served defendants must "support the petition in writing, i.e. sign it." *Gossmeyer*, 128 F.3d at 489 (noting that even though the removal petition indicated that all properly served defendants had agreed to remove the case, "not all of these defendants joined in the petition because not all of them signed it"). An unauthenticated email attached to the notice of removal from an attorney who had not yet appeared in the action on behalf of the non-removing defendant[3] is simply insufficient to establish proper consent. See *Komacko v. Am. Erectors, Inc.*, No. 2:12-CV-

---

[3] Attorney Fuller did not request to appear in this action until March 4, 2016, which is well beyond the thirty day removal deadline and over a month after the initial notice of removal was filed. His request to appear was granted the same day it was filed.

495, 2013 WL 3233229, *2 (N.D. Ind. June 25, 2013) (the non-removing defendant's "email and letter consenting to removal is insufficient to meet the Seventh Circuit's strict requirement of express, written consent, and the later filed notice of consent was untimely"). While Selective argues that amendments to the removal statute and a recent Supreme Court case, *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547 (2014), have loosened the Seventh Circuit requirements related to removal consent procedures, the Court does not find this argument persuasive. In *Dart*, the Court addressed the "single question" of whether, in a class action case, "[t]o assert the amount in controversy adequately in the removal notice, does it suffice to allege the requisite amount plausibly, or must the defendant incorporate into the notice of removal evidence supporting the allegation?" *Dart*, 135 S. Ct. at 551. Holding that the jurisdictional amount in a notice of removal could be described in "short and plain" terms and did not need to contain evidentiary submissions unless challenged, the Supreme Court focused on the narrow issue of the amount in controversy and did not address other procedural requirements of the removal statute. *Id*. at 554. In fact, the Supreme Court specifically declined to decide whether the presumption against removal in "mine-run diversity cases" was proper in general because the case before it was a class action, and it is clear that no such "antiremoval presumption" exists when the Class Action Fairness Act

8

is at play. *Id*. Selective's request that this Court extend the reasoning regarding the jurisdictional amount in *Dart* to questions of consent procedures in run of the mill diversity cases (such as the instant one) is at odds with current Seventh Circuit precedent. See e.g. *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 758 (7th Cir. 2009) ("The party seeking removal has the burden of establishing federal jurisdiction, and federal courts should interpret the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice of forum in state court."); *Gossmeyer*, 128 F.3d at 489 (removal petition is deficient if not signed by all served defendants). As Viking points out, the notice pleading rationale in *Dart* is perfectly logical in the context of damages which are often highly fact-sensitive and may be difficult to establish at the outset of a case; however, the analysis makes little sense when applied to the separate matter of unanimity of consent which requires a simple, easily obtained signature. The procedural requirement of a signature is certainly not onerous in a case where, as here, the defendants have admitted to communicating prior to the filing of the notice of removal.

Finally, the Court declines to find that Selective's amended notice of removal, which was filed outside of the thirty day deadline, is sufficient to avoid remand. While the Seventh Circuit has permitted belated amendments to cure defective notices of removal in some circumstances, the factors supporting those

9

decisions are not present here. See e.g. *N. Ill. Gas Co.*, 676 F.2d at 274 (accepting untimely amendment because the state court record "plainly disclosed" that the non-removing defendant was a "nominal party"); *Boruff*, 2011 WL 1296675 at *5 (distinguishing cases where "multiple factors" such as dismissal prior to removal, nominal party status, and waiver via a failure to object supported the decision not to remand). In this case, NBD's consent to remove was required, Viking has objected to the removal, and Selective offers no compelling reason why NBD's signature was omitted from the initial petition and could not have been submitted within the thirty day time frame; as far as the Court can ascertain, it simply chose not to include NBD's signature on the notice of removal and to rely on an unauthenticated email instead. See *Boruff*, 2011 WL 1296675 at *6 (the court was "aware of no reason" proper written consent could not have been submitted at the time of the filing of the notice of removal considering that the removing defendant had obtained verbal consent from the non-removing defendant prior to that time); see also *Komacko*, 2013 WL 3233229 at *2. The time limit is a "strictly construed rule of procedure," and a plaintiff has a "right to remand if the defendant did not take the right steps when removing." *Macri*, 897 F. Supp. 381, 383-84 (N.D. Ind. 1995). Because Selective did not take those proper steps in a timely manner, the Court concludes that remand is appropriate in this case.

CONCLUSION

For the reasons set forth above, the Motion to Remand (DE #20) is **GRANTED** and this case is **REMANDED** back to the Whitley Superior Court of Indiana.


**DATED: September 8, 2016**         /s/ RUDY LOZANO, Judge
                                     **United States District Court**